UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MARK FALK
UNITED STATES MAGISTRATE JUDGE

USPO & COURTHOUSE
1 FEDERAL SQ., ROOM 457
NEWARK, NJ 07101
(973) 645-3110

## LETTER ORDER

September 28, 2017

To: All Counsel of Record

Re: Murrell et al. v. City of Hackensack et al., 16-2913 (WJM)
 Candela et al. v. City of Hackensack et al., 16-9335 (ES)

Dear Counsel:

This matter comes before the Court upon the motion of Plaintiffs James Murrell, Jr. ("Murrell") and Christopher Haw ("Haw") to consolidate this action (the "Murrell Action") with another pending action in this district, Candela et al.v City of Hackensack et al., 16-9335 (the "Candela Action"). The motion is opposed. For the reasons that follow, the motion [CM/ECF No. 13] is **denied**.

### A. Murrell Action

Murrell is employed by the City of Hackensack ("City") as a gardner with the Parks Department of the City's Department of Public Works ("DPW"). Murrell's claims stem predominately from the alleged conduct of three City employees, namely, council members David Sims ("Sims") and Leonardo Battaglia ("Battaglia"), and City Manager David Troast ("Troast") during the period April 2014 through February 2016. Murrell alleges Sims and Battaglia harassed him and three other DPW employees, that the City Greenhouse tended by Murrell was closed at their request, and that Sims, Battaglia and Troast retaliated against Plaintiff and failed to promote him on account of his filing complaints and union grievances regarding their alleged wrongful conduct.

Haw was employed by the City as a Supervisor of Parks and Recreation from August 2015 until he was terminated in February 2016. Haw's claims arise primarily from the alleged wrongful conduct of two City employees, Superintendent of the DPW, Jesse D'Amore ("D'Amore"), and personnel director for the City, Simeon Cumberbatch ("Cumberbatch"). Haw claims, among other things, that unbeknownst to him he was hired provisionally, and that he was fired in retaliation for complaining about the harassment of DPW employees by Sims and Battaglia and for refusing to comply with orders to compel employees to work shifts beyond what he believed were legally permissible. Haw also claims that he was terminated without a hearing in violation of his due process rights.

On May 23, 2016, Murrell and Haw filed their Complaint against the City, Troast, D'Amore, Cumberbatch, Battaglia and Sims asserting federal and state law claim including claims for violation of their First Amendment rights under 42 U.S.C. § 1983, and claims under the New Jersey Civil Rights Act, ("NJCRA") N.J.S.A. 10:6-1 et seq., and the Conscientious Employee Protection Act, ("CEPA") N.J.S.A. 34:19-1 et seq..

**B. Candela Action**

Plaintiffs Mario Candela ("Candela") and Richard Terranova ("Terranova") (collectively "Candela Plaintiffs") were employees of the DPW. Candela Plaintiffs allege, among other things, that D'Amore and Assistant Superintendent of the DPW, Anthony Sedita ("Sedita"), misused City property, illegally recorded DPW employees, and forced Candela Plaintiffs to perform work outside the scope of their jobs for the personal benefit of D'Amore and Sedita. Terranova also claims that D'Amore and Sedita retaliated against him for his union activities, embarrassed him, and used ethnic epithets directed at him.

On December 16, 2016, Candela Plaintiffs filed suit against the City, D'Amore, Sedita, and Mitchell Horne, Candela Plaintiffs' direct supervisor. Alleging that they were retaliated against and denied promotions, Candela Plaintiffs asserted claims for violation of their First Amendment rights under 42 U.S.C. § 1983, and claims under the NJCRA, and CEPA, as well as a claim under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. 1962(b).

**C. Motion to Consolidate**

The Murrell Plaintiffs now move to consolidate the Murrell Action with the Candela Action. Murrell Plaintiffs argue that the matters should be consolidated due to the significant overlap in claims and witnesses. Specifically, they argue that both cases

involve DPW employees making claims of retaliation, amongst other claims, against the City and various City employees after plaintiffs engaged in union activities, and that the Murrell Plaintiffs and Candela Plaintiffs are represented by the same counsel and assert many of the same federal and state claims.  The City opposes the motion arguing that most of the factual allegations are entirely unrelated and have little to do with union activities.  Ultimately, defendants argue that consolidation would confuse the issues and inconvenience the defendants.

Federal Rule of Civil Procedure 42(a) provides: "[w]hen actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated. . . ."  Fed.R.Civ.P. 42(a).  The Rule gives the district court "'broad power' to consolidate cases that share 'common questions of law or fact.'"  A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 212 (3d Cir. 2014) (quotations omitted).  "The mere existence of common issues, however, does not require consolidation."  ACR Energy Partners, LLC v. Polo N. Country Club, Inc., 309 F.R.D. 193, 194 (D.N.J. 2015).  "[W]hen exercising its discretion on a consolidation motion, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice."  Margolis v. Hydroxatone, LLC, 2013 WL 875987, at *2 (D.N.J. Mar. 6, 2013).

While the Murrell Action and Candela Action both involve plaintiffs and defendants that are employed by the City, the factual similarity of the cases basically ends there.  Out of the eight defendants named in the two matters sought to be consolidated, only two are defendants in both cases.[1]  None of the plaintiffs are the same in the two cases.  Moreover, the alleged facts underlying the claims of both sets of plaintiffs are distinct.  The Murrell and Candela Actions do not involve the same operative facts.  Quite to the contrary, the allegations of each plaintiff are very fact specific and, for the most part, uniquely independent.  To the extent there is some factual overlap, it would not warrant consolidation of the cases here.

Nor is the assertion of similar causes of action by the Murrell and Candela Plaintiffs sufficient to warrant the cases be consolidated.  The claims of each individual plaintiff, with little exception, rise and fall on their own particular set of facts.  "[T]he mere fact that two cases assert similar theories of recovery does not constitute a 'common question of law' so as to warrant consolidation."  Liberty Lincold Mercury, Inc. v. Ford Mktg. Corp. , 149 F.R.D. 65, 81 (D.N.J. 1993) (quotations omitted).  To the extent any of the plaintiffs' allegations relate to involvement in union activities, the mere existence of

---

[1] The City and D'Amore are defendants in the Murrell and Candela Actions.

these similar legal theories alone is not grounds for consolidation, particularly when they only amount to one of many claims being asserted in each case.

Given the differing factual allegations and sources of proof upon which the four plaintiffs rely, consolidation is not appropriate. Indeed, the volume of allegations and the fact specific inquiries needed to support or refute them in each of the two cases would only create confusion and ultimately prejudice the parties to the litigation. See Liberty, 149 F.R.D. at 81 ("Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues.")

Finally, not only does consolidation here have the potential to lead to confusion, it possibly may increase litigation expenses. Just because some witnesses might testify in both cases does not mean that consolidation is warranted. Here, the City is represented by different counsel in each case, and some of the individual defendants also have separate counsel. Counsels' attendance at depositions and review of written discovery in both cases that arguably could be unrelated to the matter in which their client is a named party conceivably could result in the unnecessary expenditure of time and money.

The Court finds that consolidation will not promote judicial economy and likely will cause prejudice and confusion. For these reasons, the motion to consolidate [CM/ECF No. 13] is **denied**.

**SO ORDERED.**

    s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**